POLEN, J.
Bruce Winston, co-beneficiary with his brother Ronald Winston of the Estate of their mother, Edna Winston, challenges the probate court’s determination regarding the reasonableness of the fee paid to Bankers Trust Company for services rendered to Ronald as personal representative of the estate. The $263,700 fee awarded to Bankers Trust was $20,000 less than the percentage fee contained in Ronald’s agreement with Bankers Trust.
Both parties agree the relevant statute is section 733.617, Florida Statutes (1985).[1] Our review of the'record reveals that while the fee charged by Bankers Trust may have been based on a fee schedule contained in its agreement with Ronald, the ultimate fee approved by the trial court reflected the court’s weighing of evidence addressing the factors contained in section 733.617 including the length of the relationship between Bankers Trust and the Winstons and the results obtained by Bankers Trust. See In re: Estate of Platt, 586 So.2d 328 (Fla.1991). Bankers Trust submitted competent substantial evidence of the activities it undertook on behalf of Ronald Winston, as well as expert opinion testimony of a reasonable fee for those services. Thus the order on appeal is supported by competent substantial evidence and is affirmed.
Our resolution of Bruce’s first point on appeal renders his second point moot.
AFFIRMED.
STONE and GROSS, JJ., concur.

. Section 733.617(1), Florida Statutes (1985) provides:
(1) Personal representatives, attorneys, accountants, and other agents employed by the personal representative shall be entitled to reasonable compensation. Reasonable compensation shall be based on one or more of the following:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the services properly.
(b) The likelihood that the acceptance of the particular employment will preclude other employment by the person.
(c) The fee customarily charged in the locality for similar services.
(d) The amount involved and the results obtained.
(e) The time limitations imposed by the circumstances.
(f) The nature and length of the professional relationship with the decedent.
(g) The experience, reputation, diligence, and ability of the person performing the services.
§ 733.617, Fla. Stat. (1985).